# MEMORANDUM DECISIONS.

ADAMS et al., Respondents, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Samuel Adams and others against the Third Avenue Railroad Company. H. A. Robinson, for appellant. Adams & Adams, for respondents.

PER CURIAM. The plaintiffs' driver, upon his direct examination, testified that, when it became necessary for him to drive upon the defendant's track, he spoke to a boy who was riding on the seat of the wagon beside him, and asked the boy if a car was coming from behind; that the boy said there was one standing upon the crossing at about a distance of 150 feet; that he then, without looking, turned in upon the track; and that, as he got upon the track and half way across, he looked to the south and saw a car approaching rapidly. In view of the rapidity and frequency with which electric cars are run, and the continual necessity for vigilance to avoid accident, we are of the opinion that the plaintiffs' driver did not exercise the degree of care that devolved upon him. Judgment reversed, and new trial ordered, with costs to abide the event.

ADELSON, Respondent, v. FUTURANSKY, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Louis Adelson against Jacob Futuransky. Stern & Stern, for appellant. Cohen Bros. for respondent.

PER CURIAM. The defendant was justified in refusing to accept a partial performance of the plaintiff's contract. The plaintiff recognized this and offered to accept a return of the goods. The defendant undertook to return them by an expressman of his own choosing, who for this purpose became his agent. He was bound to return all the goods or none, and the plaintiff had the right to refuse to accept a partial return. The defendant in point of fact did not return the goods he had received, and should pay their value. The judgment, as rendered by the justice, was irregular, and should be modified so as to be a simple money judgment for $66, the proven value of the goods, with interest and costs, and, as so modified, is affirmed, without costs. Judgment modified, and, as so modified, affirmed, without costs.

ADENBAUM, Respondent, v. COHEN et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Samuel Adenbaum against Joseph H. Cohen and others. No opinion. Judgment of the municipal court affirmed by default, with costs.

ADRIANCE et al., Respondents, v. NETSCHERT, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by James B. Adriance and others against Frank Netschert. W. C. Findlay, for appellant. J. P. O'Brien, for respondents.

PER CURIAM. The representations of plaintiff Adriance as to the condition of the water pipes, and arrangements connected therewith to prevent leakage, were independent of the lease itself and binding. The damages incurred in that behalf should have been allowed in the court below. Even had that been done, the plaintiffs were entitled to a judgment for the balance of their claim and interest, which should have been awarded to them, instead of a judgment for defendant as ordered. Judgment reversed, and new trial ordered, with costs to abide event.

AITKEN v. TINNEY. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Nellie L. Aitken against Bernard J. Tinney. No opinion. Motion granted, with $10 costs.

ALBERS, Appellant, v. ALBERS et al., Respondents. (City Court of New York, General Term. May, 1901.) Action by Rose Albers against Frederick J. Albers and others. George C. Coffin, for appellant. M. Charles Foley, for respondents.

CONLAN, J. The order requiring the plaintiff to give security for costs was made upon affidavits submitted by both sides. The affidavits of the two defendants positively assert that at the time of the commencement of the action the plaintiff, their sister, resided with her father at 752 Putnam avenue, Brooklyn, and that she still so resided in March, 1901. The affidavit of the plaintiff as positively states that she removed from 752 Putnam avenue about September 20, 1900, where she had been residing with her father, and engaged a room at 101 Waverly Place, Manhattan, and has since continuously resided there. If the latter were a real fact, it would not have been difficult to have corroborated the statement in her affidavit. She, however, failed to satisfy the justice sitting at special term of the truth of her statement, and there does not appear in the record any sufficient reason calling for an interference with the determination reached by the court below. The order appealed from must be affirmed, with costs. Order affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

ALLEN, Respondent, v. YONKERS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by David E. Allen against the Yonkers Railroad Company. No opinion. Judgment of the city court of Yonkers unanimously affirmed, with costs.